**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| Lori Glawson, *individually and as the guardian of the estate and person of Haley A. Ern*,       Plaintiff, <br><br> v. <br><br> Bank of America N.A., *et al.*,       Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 1:25-cv-00032-MRD-AEM

**ORDER**

Pending before the Court are two motions: Plaintiff's Motion to Overrule Objections and Compel Production of Documents from Defendant Transamerica Life Insurance Company ("Transamerica") (ECF No. 58) and Plaintiff's Motion to Overrule Objections and Compel Production of Documents from Defendant Wilton Reassurance Company ("Wilton") (ECF No. 59).[1]  Both motions were referred to me for determination pursuant to 28 U.S.C. § 686(b)(1)(A) and Federal Rule of Civil Procedure 72(a).

## I.    Background

Plaintiff Ms. Glawson filed suit against Bank of America, Transamerica, and Wilton as a result of nearly six years of missing annuity payments to the trust she established for her daughter.  ECF No. 19 ¶¶ 18-21.  Bank of America serves as trustee of the trust.  *Id.* ¶ 20.  Transamerica issued the annuity policy for the trust, and at some point, Wilton assumed obligations with respect

---

[1] Also pending is Plaintiff's Motion to Overrule Objections and Compel Production of Documents from Defendant Bank of America (ECF No. 57).  Ms. Glawson and Bank of America are engaged in settlement discussions and have asked that the Court hold that motion in abeyance.  *See* ECF No. 81 at 2; ECF No. 85; Text Order (May 7, 2026).

to that annuity policy. *Id.* ¶¶ 9-10. Ms. Glawson initially issued subpoenas duces tecum to Transamerica and Wilton in May 2025, then, after adding both entities as parties in the operative Second Amended Complaint, served them with written discovery requests in October 2025. ECF No. 58 at 4-5; ECF No. 59 at 4-5. Both parties responded in November 2025. ECF No. 58 at 5; ECF No. 59 at 5. Ms. Glawson then filed the instant motions on January 1, 2026.

The Court scheduled the matter for hearing on March 20, 2026 and ordered the parties to work towards narrowing the issues in the Motions to Compel and file a status report organized by request number to assist the Court in determining what issues remain in dispute. The crux of the parties' issues appeared to be Ms. Glawson's efforts to understand the relationship between Wilton and Transamerica to determine who was responsible for distributing the missing annuity payments. Wilton and Transamerica identified a June 28, 2017 Administrative Services Agreement ("ASA") and a June 28, 2017 Transition Services Agreement ("TSA") as documents explaining Wilton and Transamerica's involvement in administering the annuity policies at issue and stated they would be willing to produce relevant excerpts of those agreements pending an appropriate protective order. *See* ECF No.73 at 12-13. Just before the hearing, Ms. Glawson, Wilton, and Transamerica came to agreement on a protective order, which Ms. Glawson's counsel represented would likely moot most of the issues in the Motions to Compel. The Court gave the parties until April 3, 2026 to file a status report regarding the outstanding discovery requests, put the matter on for further hearing, and subsequently entered the proposed Protective Order for the Production and Exchange of Confidential Information covering Ms. Glawson, Transamerica, and Wilton (ECF No. 75). They ultimately reported to the Court that the protective order had allowed them "to significantly narrow the issues in dispute." ECF No. 76 at 2.

The parties subsequently engaged in settlement negotiations and asked the Court for additional time to continue those discussions and continue working to resolve outstanding discovery issues as necessary. *See* ECF No. 79. On May 1, 2026, Ms. Glawson, Wilton, and Transamerica reported that their settlement discussions had broken down and requested further hearing on the still-pending Motions to Compel. ECF No. 81 at 3. The Court set the matter down for a discovery dispute conference on May 15, 2026, at which time the parties reported that after the Court entered the protective order, Transamerica and Wilton made supplemental productions, including all responsive correspondence and—as previously indicated was their intention— redacted copies of the TSA and ASA, as well as an amendment and annex to the amendment. Ms. Glawson argued that she is entitled to unredacted copies of those documents. She waived all issues raised in the Motions to Compel except as to Document Request Nos. 5 and 7, and the Court authorized supplemental filings on only those requests (ECF Nos. 86 and 87); they are now the only matters still pending before the Court.

## II.   Analysis

### A.  Document Request No. 5

Request No. 5 as to both Transamerica and Wilton seeks "Any documents authorizing Wilton Re or anyone else to act for Transamerica in relation to Haley's Trust, Transamerica annuity policy #020896TA01Z, or any payments to or for Haley's Trust." ECF No. 58-5 at 5; ECF No. 59-5 at 6. In her briefing, Ms. Glawson asserts that Wilton and Transamerica's argument that their redactions to the TSA and ASA are proper because the documents contain sensitive commercial information is baseless given the protective order in place. ECF No. 87 at 7. Ms. Glawson posits she should not be required to accept Transamerica and Wilton's

"representations and conclusions about the relevance, contents, and meaning of contractual documents that they refuse to produce." *Id.*

Wilton and Transamerica rely on their original objections that this Request is vague, overly broad, fails to describe with reasonable particularity the items to be inspected, and is not proportional to the needs of the case. ECF No. 86 at 3. They further argue that large portions of the TSA and ASA have no relevance to the claims and defenses in this litigation. *Id.* at 5. Wilton and Transamerica note that Ms. Glawson has repeatedly argued that her primary goal is to understand "the precise relationship between Transamerica and Wilton Re generally, and vis-à-vis the Annuity specifically," *see* ECF No. 58 at 3-4, and they assert that they have produced the specific provisions of the ASA and TSA that do exactly that. ECF No. 86 at 6. They argue that the remaining portions of the documents are the type of proprietary and commercially sensitive provisions that Courts routinely allow to be protected via redactions or protective orders. *Id.* at 6-9.

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Although the party seeking to compel discovery bears the burden of showing it is relevant and proportional, the Court is tasked with balancing "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; *see TG Plastics Trading, Co. v. Toray Plastics*, C.A. No. 09-336S, 2010 WL 936221, at *2 (D.R.I. Mar. 12, 2010). The Court has broad discretion to balance a party's "need for the discovery of relevant matters" against the other side's "interest in confidentiality." *Rankin v. Liberty Mut. Ins. Co.*, No. 94-1850,

1995 WL 131390, at *1 (1st Cir. Mar. 27 1995); *see Walker v. Wall*, C.A. No. 10–178 S, 2010 WL 4903825, at *1 (D.R.I. Nov. 4, 2010) ("Federal Rule 26(b)(2) requires the Court to balance broad discovery with the practical burdens such discovery places on parties by limiting discovery in certain instances, including when 'the burden . . . of the proposed discovery outweighs its likely benefit . . . .' A similar balancing test should be employed here to weigh the need of the litigant for access to the requested information against the public interest in nondisclosure of the same."). "The First Circuit, encouraging the accommodation of the competing interests inherent in discovery disagreements regarding sensitive information, has instructed courts to utilize mechanisms such as redaction or protective orders in ruling on motions to compel." *Walker*, 2010 WL 4903825, at *2.

That the TSA and ASA contain information relevant to the claims and defenses at issue is not in dispute; the parties in fact negotiated and agreed to their protective order with the knowledge that the ASA and TSA were responsive to Ms. Glawson's discovery requests. That protective order specifically outlines material that may be designated as "CONFIDENTIAL," including trade secrets, sensitive commercial information, medical information, and more, and separately provides that the parties may redact personally identifiable information. ECF No. 75 at 5-6. The protective order does not provide for redacting proprietary or commercially sensitive information. *See id.*

Ms. Glawson has carried her burden of demonstrating that access to unredacted versions of the ASA and TSA is critical to her ability to understand the relationship between Transamerica and Wilton, which in turn is critical to the issue of who was responsible for distributing the missing annuity payments that are at the heart of this case.[2] On balance, the benefit of the information

---

[2] Transamerica and Wilton do not provide any authority persuading the Court that applying redactions to the ASA and TSA is necessary in this case. *See* ECF No. 86 at 9-10; *see also Mass. Laborers' Health & Welfare Fund v. Blue Cross Blue Shield Mass.*, 66 F.4th 307, 312-13, 317 (1st

sought outweighs the burden to Transamerica and Wilton in producing it, particularly in light of the Court's entry of a protective order specifically to allow the parties to exchange sensitive information with the confidence that such information will be protected from broader disclosure. The Court hereby GRANTS IN PART the Motions to Compel as to Request No. 5 insofar as Transamerica and Wilton are ordered to produce the full, unredacted versions of the TSA and ASA as well as any attachments and appendices thereto or any other documents authorizing Wilton or anyone else to act for Transamerica in relation to the relevant trust or annuity. All other requested relief in the Motion to Compel as to Request No. 5 is DENIED.

### B. Document Request No. 7

Request No. 7 seeks "Any documents relating to communications with Plaintiff or Haley A. Ern." ECF No. 58-5 at 6; ECF No. 59-5 at 7. Transamerica and Wilton reiterate their assertion from the May 15, 2026 conference that they satisfied their obligations under this Request by conducting a diligent search for and producing all communications responsive to this Request as well as all documents that relate to such communications, including records relating to mail-outs

---

Cir. 2023) (citing to relevant portions of an ASA in context of a motion to dismiss with no indication that the document was produced in redacted form); *Me. Woods Pellet Co., LLC v. W. World Ins. Co.*, 1:17-cv-00446-JCN, 2020 WL 5096941, at *4 (D. Me. Aug. 28, 2020) (finding in part that redacted portions of a document actually may be relevant to the case at hand and ordering those portions to be produced as well as confirming appropriate redactions for personally identifying information); *N.H. Right to Life v. U.S. Dep't Health & Hum. Servs.*, 778 F.3d 43, 49-50 (1st Cir. 2015) (determining that material was appropriately redacted and/or withheld pursuant to recognized exemptions to the Freedom of Information Act, not discovery obligations); *DeLorme Publ'g Co. v. Nat'l Oceanic & Atmospheric Admin.*, 917 F. Supp. 867, 873 (D. Me. 1996) (same); *Walker*, 2010 WL 4903825, at *1-2 (balancing relevance against confidentiality concerns and permitting redactions to information regarding the use of chemical agents against inmates that, if produced, could create a safety and security risk at the Adult Correctional Institute). Transamerica and Wilton also cite cases in support of the proposition that the Court has discretion to conduct *in camera* review of the disputed documents. *See* ECF No. 86 at 10. Because the parties negotiated a protective order knowing full well that the ASA and TSA were responsive and did not provide for *in camera* review, the Court declines to exercise that discretion here.

regarding the annuity, voice recordings of calls with representatives of the trustee, and the results of a targeted email search. ECF No. 86 at 2. They confirm that there are no additional communications with or relating to Ms. Glawson or Ms. Ern other than what has already been produced. *Id.* at 3. Ms. Glawson's Motions to Compel are therefore DENIED as to Request No. 7 pursuant to Wilton and Transamerica's representations that they have fully satisfied their obligations pursuant to that request.

### III.    Conclusion

Plaintiff's Motion to Overrule Objections and Compel Production of Documents from Defendant Transamerica Life Insurance Company (ECF No. 58) and Plaintiff's Motion to Overrule Objections and Compel Production of Documents from Defendant Wilton Reassurance Company (ECF No. 59) are GRANTED IN PART and DENIED IN PART. The Motions to Compel are GRANTED IN PART as to Document Request No. 5 and Defendants Transamerica and Wilton are hereby ORDERED to produce full, unredacted versions of the TSA and ASA, as well as any attachments and appendices thereto or any other documents authorizing Wilton or anyone else to act for Transamerica in relation to the relevant trust or annuity, by June 24, 2026. Those materials may be designated as CONFIDENTIAL pursuant to the parties' protective order and Ms. Glawson must comply with the protective order regarding any information so designated. Failure to maintain the confidentiality required by the protective order may result in sanctions. The Motions to Compel are DENIED as to Document Request No. 7 pursuant to Wilton and Transamerica's representations that they have produced all information responsive to that Request. All other requested relief in the Motions to Compel is DENIED pursuant to Ms. Glawson's waiver of all remaining issues contained therein.

IT IS SO ORDERED.

 /s/   Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

June 10, 2026